UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

——————————————————————x

**SHAWN BAKER, individually
and as Beneficiary and Trustee of the
Baker Legacy
Preservation Trust,**
 Plaintiff,

**CIVIL ACTION NO. 1:25-CV4785**

v.

**PLAINTIFF'S NOTICE OF MOTION
AND MOTION TO REMAND  FOR
LACK OF SUBJECT MATTER
JURISDICTION**

(under 28 U.S.C. § 1447(c))

**TRANSUNION, LLC,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
 EQUIFAX INFORMATION
SERVICES, LLC,
LVNV FUNDING LLC,
CREDENCE RESOURCE MANAGEMENT,
and DOES 1–10,**
 Defendants.

——————————————————————x

TO THE HONORABLE JUDGE GONZALEZ:

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Plaintiff, Shawn Baker (individually and as Trustee),

moves this Court, before the Honorable Hector González, at the United States District Court for

the Eastern District of New York, for an order **remanding this action to the Supreme Court of the**

**State of New York, Kings County, Equity Part,** on the ground that this Court lacks subject-matter

jurisdiction.

1

This motion is based upon the accompanying Memorandum of Law, Plaintiff's Verified Complaint and supporting exhibits, the State Court's Temporary Restraining Order entered August 26, 2025, all pleadings and papers on file, and such oral argument as the Court may allow.

## MEMORANDUM OF LAW IN SUPPORT OF REMAND

## I. LEGAL STANDARD

1.  **Mandatory Remand for Lack of Jurisdiction.**

    Under 28 U.S.C. § 1447(c): *"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."* This is mandatory, not discretionary.

    - Jurisdictional objections may be raised at any time; they are never waived. (*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

    - The removing party bears the burden of proving federal jurisdiction. (*Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941)).

2.  **Strict Construction of Removal.**

    Removal statutes are strictly construed against federal jurisdiction. Any doubts must be resolved in favor of remand. (*Syngenta Crop Protection v. Henson*, 537 U.S. 28, 32 (2002)).

3.  **Federal-Question Jurisdiction (§ 1331) Requires a Federal Cause of Action.**

    - Merely referencing federal law does not create jurisdiction. (*Merrell Dow Pharm. v. Thompson*, 478 U.S. 804 (1986)).

    - *Grable & Sons Metal Products v. Darue Eng'g*, 545 U.S. 308 (2005), requires that a federal issue be (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) resolvable without disturbing the balance between federal and state courts. Defendants cannot meet this test.

4.  **No Diversity Jurisdiction (§ 1332).**

- Complete diversity is absent. At least one Defendant is a citizen of New York.
- The amount in controversy for injunctive relief is speculative and cannot be used to manufacture jurisdiction. (*Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).

5.  **Exclusive State Equity Jurisdiction.**

- Matters of trusts, fiduciary duties, and private equitable rights fall within traditional state equity jurisdiction. (*Shields v. Lozear*, 34 N.J.L. 496 (1870)).
- Federal courts are not general courts of equity and cannot expand their jurisdiction into state trust law absent explicit Congressional mandate.

6.  **State TRO Remains Binding.**

- The TRO entered by Justice Cenceria Edwards on August 26, 2025, enjoining Defendants, remains valid post-removal until modified. (*Granny Goose Foods v. Teamsters*, 415 U.S. 423, 436 (1974)).
- Respecting state equity orders requires immediate remand.

7.  **Remand Orders Not Reviewable.**

- Once remanded, the decision is final and non-appealable. 28 U.S.C. § 1447(d).
- This ensures state equity jurisdiction is fully restored.

## II. APPLICATION TO THIS CASE

8.  Plaintiff's Verified Complaint seeks only equitable relief: injunctions, declaratory relief, and trust protection. No federal statutory damages were pleaded.

3

9.  Defendants' removal rests on **mischaracterization** , attempting to recast equitable claims as arising under the FCRA or FDCPA. But federal law was not invoked as a cause of action, only as background.

    a) The absence of a federal cause of action defeats jurisdiction under *Merrell Dow*.

    b) Diversity jurisdiction fails due to lack of complete diversity and absence of a provable amount in controversy.

    c) Because this Court lacks jurisdiction, § 1447(c) makes remand **mandatory**.

## III. CLOSING ALL ROUTES OF AVOIDANCE

The Constitution, the Judiciary Act, and 28 U.S.C. § 1447(c) are unequivocal: this Court is one of **limited and enumerated jurisdiction only**. The removing parties bear the burden of proof. This Court, and the presiding Judge, cannot exercise powers not lawfully vested, for to do so would be a trespass on the Plaintiff's property, rights, and estate.

1.  **Judicial Economy is Not a Substitute for Jurisdiction.**

    The Supreme Court has made clear that convenience, docket control, or judicial economy are never bases for federal jurisdiction. *Thermtron v. Hermansdorfer*, 423 U.S. 336 (1976). A judge may not substitute policy or efficiency for lawful jurisdiction.

2.  **Incidental Federal Issues Cannot Create Jurisdiction.**

    A state equity claim that references federal statutes or constitutional principles does not "arise under" federal law. *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986). This case is grounded solely in trust law, fiduciary duties, private rights, and equitable remedies. Any incidental mention of federal law is background only, and cannot conjure jurisdiction where none exists.

3.  **Severance or Supplemental Jurisdiction Does Not Apply.**

    All counts sound in equity and trust law; there are no federal claims to sever or supplement. The doctrine of supplemental jurisdiction under 28 U.S.C. § 1367 presupposes at least one proper federal cause of action. There is none here.

4

4.    **Consent or Waiver is Irrelevant.**

Subject-matter jurisdiction is never a matter of consent, waiver, or forfeiture. The Supreme Court has declared that a federal court must dismiss or remand where jurisdiction is absent, even if all parties wish to proceed. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## Exclusive Equity, Trust Law, and Jurisprudence

This case arises exclusively in equity:

- It involves the protection of a **private trust estate** (the Baker Legacy Preservation Trust).
- It seeks equitable remedies only injunctions and declarations, not statutory damages.
- It invokes doctrines where state equity courts hold **exclusive jurisdiction:** fiduciary duties, identity rights, suppression of wrongful trespass upon trust property and credit reputation.

By removing this cause, Defendants have attempted to drag the Plaintiff, a living man and private national, standing in his natural capacity, as Trustee of the Baker Legacy Preservation Trust, and as Beneficiary Title Owner of the public estate known as "Shawn Baker", into the military-style due process of Article I statutory tribunals. This is impermissible.

Equity recognizes the **man, the trust, and the property**; it does not reduce them to corporate fictions. The Defendants' actions constitute a continuing trespass not only against the **private trust estate** but also against the **public estate and title bearing Plaintiff's name**, in violation of trust principles, property rights, and due process in equity.

5

## IV. Demand for Proof of Jurisdiction on the Record

Accordingly, Plaintiff expressly demands that this Court and the presiding Judge state on the record:

1. The exact statutory provision under Title 28 that confers subject-matter jurisdiction in this cause,

2. The sworn evidence upon which such jurisdiction rests, and

3. Whether the Judge, under his oath of office and bond, is willing to place that oath and bond upon the line to sustain such jurisdiction.

Absent such proof, this Court's continued exercise of power is an unlawful trespass upon the rights, estate, and property of the Plaintiff. In equity, silence is confession. Without jurisdiction, the only lawful act this Court may take is to remand forthwith to the Equity Division of the Supreme Court of the State of New York.

## V. Plaintiff's Standing Under Article III Principles and the Original Constitution

The Plaintiff appears in this Court only in equity and in trust law, and only under the protections of Article III of the Constitution for the United States of America (1787), which vests the judicial power in courts of law and equity.

- Article III extends the judicial power to "all cases, in law and equity," and secures the right of the people to have their controversies heard in courts bound by constitutional oath and accountability.

- Plaintiff rejects any presumption that his claims may be diverted into Article I legislative or military-style tribunals, which are administrative in nature and serve statutory enforcement rather than constitutional adjudication.

- As a living man, private national, Trustee of the Baker Legacy Preservation Trust, and Beneficiary Title Owner of the public estate "Shawn Baker", Plaintiff stands fully in equity, under **Article III principles of the original Constitution**, demanding that this Court strictly observe those limits.

Any attempt to process this case under **Article I statutory or administrative jurisdiction** is a trespass upon Plaintiff's property, rights, and status, and a violation of the separation of powers. Only Article III equity recognizes the man, the trust, and the estate; federal statutory constructs reduce the Plaintiff to a corporate fiction, which equity does not permit.

Therefore, unless this Court can demonstrate and prove on the record that **Article III jurisdiction properly exists over this case**, the only lawful act is to remand it to the state equity court where it was commenced.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Grant this Motion to Remand** and return this case to the Supreme Court of the State of New York, Kings County (Equity Part);

2. Recognize and preserve the State Court TRO entered August 26, 2025, until further order of the state equity court;

3. Require Defendants to produce sworn proof of jurisdiction, failing which remand is mandatory;

4. Award Plaintiff costs and expenses under 28 U.S.C. § 1447(c);

5. Grant such other and further relief as justice and equity require.

Respectfully submitted,

/s/ Shawn Baker
Shawn Baker, Pro Se
Individually and as Beneficiary & Trustee of the

7

**Baker Legacy Preservation Trust**
Dated: October 2, 2025