UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

—————————————————————x

SHAWN BAKER, individually
and as Beneficiary and Trustee of the
Baker Legacy
Preservation Trust,
 Plaintiff,

CIVIL ACTION NO. 1:25-CV4785

v.

[PROPOSED] ORDER REMANDING
CASE TO STATE COURT

TRANSUNION, LLC,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
 EQUIFAX INFORMATION
SERVICES, LLC,
LVNV FUNDING LLC,
CREDENCE RESOURCE MANAGEMENT,
and DOES 1–10,
 Defendants.

—————————————————————x

Upon consideration of Plaintiff's Motion to Remand for Lack of Subject-Matter Jurisdiction, the Court finds and concludes as follows:

1.  Federal courts are courts of limited jurisdiction, and removal statutes are strictly construed against removal. (*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).

2.  Under 28 U.S.C. § 1447(c), if at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case *shall* be remanded.

3.  Plaintiff's Verified Complaint, filed in the Supreme Court of the State of New York, Kings County (Equity Part), pleads exclusively equitable and trust-based claims and seeks injunctive and declaratory relief.

4. No federal question jurisdiction under 28 U.S.C. § 1331 is present because Plaintiff does not assert any federal cause of action. (*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986)).

5. Diversity jurisdiction under 28 U.S.C. § 1332 is not established, as complete diversity is lacking and the amount in controversy has not been proven.

6. The state Temporary Restraining Order entered August 26, 2025, by Justice Cenceria Edwards remains valid and enforceable under *Granny Goose Foods v. Teamsters*, 415 U.S. 423 (1974), until modified or dissolved by the state court.

7. This Court therefore lacks subject-matter jurisdiction, and remand is mandatory.

IT IS HEREBY ORDERED that:

1. This action is REMANDED to the Supreme Court of the State of New York, Kings County (Equity Part).

2. The Clerk of Court is directed to transmit a certified copy of this Order to the Clerk of the Supreme Court, Kings County, and to close this case.

3. The Temporary Restraining Order entered by the Supreme Court of New York on August 26, 2025, shall remain in full force and effect unless and until further modified by that court.

4. Any other relief not expressly granted herein is DENIED.

SO ORDERED.

Dated: _____, 2025
Brooklyn, New York


Hon. Hector González
United States District Judge