**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SHAWN BAKER, INDIVIDUALLY AN
AS TRUSTEE OF THE BAKER LEGACY
PRESERVATION TRUST,

       **Plaintiff,**

       **v.**

TRANSUNION, LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES,
LLC; LVNV FUNDING LLC;
CREDENCE RESOURCES
MANAGEMENT and DOES 1-10

       **Defendants.**

**Civil Action No. 1:25-CV-4785**

**DEFENDANTS LVNV FUNDING LLC, EQUIFAX INFORMATION SERVICES LLC,**
**TRANS UNION LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants, LVNV Funding, LLC ("LVNV"), Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") (collectively "Defendants"), respectfully submit this Brief in Opposition to Plaintiff Shawn Baker ("Plaintiff")'s Motion to Remand. Dkt. 31. Plaintiff's motion is without merit as this matter was properly removed and has original federal question jurisdiction.  Whether a case is removable is determined at the time of removal. Plaintiff's blatant misrepresentation of his claims and alleged damages in attempt to now avoid federal jurisdiction is futile, and the Court must deny Plaintiff's motion to remand.

**I.      PROCEDURAL HISTORY**

Plaintiff filed his Complaint against Experian and co-defendants on or about July 11, 2025, in the Supreme Court of the State of New York, County of Kings, alleging violations of (1) the

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*,; (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; (3) New York General Business Law; and claims for (4) equitable (declaratory and injunctive) relief; (5) constructive fraud and breach of fiduciary duty; and (6) unlawful reporting of canceled debt contrary to IRS regulations. Dkt. 1-1 at 9-11. Plaintiff seeks declaratory relief, injunctive relief, monetary damages, and other unspecified relief. Dkt. 1-1 at 13-15. Plaintiff also alleges specific and concrete harm, including denial of a small business loan and rejection of a housing rental application. Dkt. 1-1 at 9.

Plaintiff did not properly serve the Complaint on any of the Defendants. Experian received the Complaint via mail on or about August 4, 2025, and removed the case to this Court on August 27, 2025. Dkt. 1.

On October 3, 2025, Plaintiff filed a Motion to Remand. Dkt. 31. Plaintiff argues the case must be remanded as his Complaint "seeks only equitable relief" and that "no federal statutory damages were pled." Dkt. 31 at 3. This is contradicted by the allegations and prayer for relief in Plaintiff's Complaint.

## II.    LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law…". *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983) (emphasis in original).

A case is removable under the "well pleaded complaint" doctrine if a federal cause of action is stated on the face of a complaint. "[A] case may be filed in federal court in the first instance when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003).  Whether a complaint is removable is determined "at the time the removal notice is filed." *Id.* at 116 n.2.

## III.     FEDERAL QUESTION JURISDICTION IS PRESENT AND DOMINATES

This Court has original jurisdiction over Plaintiff's Complaint as the primary claims, as alleged in the Complaint, arise under the FCRA and the FDCPA, which are federal statutory schemes. The FCRA expressly gives original jurisdiction to district courts. *See* 15 U.S.C. § 1681p ("An action to enforce any liability created under [the FCRA] **may be brought in any appropriate United States district court**, without regard to the amount in controversy…") (emphasis added). The FDCPA likewise gives district courts original jurisdiction. *See* 15 U.S.C. § 1691k(d) ("An action to enforce any liability created by this subchapter **may be brought in any appropriate  United States district  court** without regard to the amount in controversy…") (emphasis added).  Both FCRA and FDCPA claims "arise under the Constitution, laws, ore treaties of the United States," and therefore this Court has subject matter jurisdiction over such claims, as well as "supplemental jurisdiction over the state law claims." *Marrero v. U.S. Bank Nat'l Assoc. as Trustee for Citigroup Mortg. Loan Trust, Inc.*, 2022 WL 523903 at *2 (S.D.N.Y. Feb. 22, 2022) (denying a motion to remand where state law claims were brought along with claims under the FCRA and FDCPA).

In his Motion, Plaintiff alleges his complaint primarily arises under state equity laws. Dkt. 31 at 56. This is unsupported by Plaintiff's Complaint, in which he alleges "This action arises from Defendants' systemic and willful violations of federal, state, and equitable duties under the

[FCRA], New York General Business Law, Uniform Commercial Code, and equitable principles…" Dkt. 1-1 at 5. Plaintiff states, in the prayer for relief, that he "seeks statutory damages as provided under the FCRA and FDCPA…". Dkt. 1-1 at 14. The first two causes of action are for violations of the FCRA and FDCPA, respectively. Dkt. 1-1 at 9-10.

The face of the complaint clearly seeks to bring claims primarily under the FCRA and FDCPA, with state law claims secondary to the federal claims. Plaintiff's argument that he "seeks only equitable relief" and that "no federal statutory damages were pled" are patently false, and the Court should deny the motion to remand.

## IV.     CONCLUSION

The Court must deny Plaintiff's motion for remand as this Court has original federal question jurisdiction and removal was proper.

Dated: October 15, 2025                     Respectfully submitted,

                                            **J. ROBBIN LAW**

                                            By: */s/ David B. Wildermuth*
                                            David B. Wildermuth, Esq.
                                            200 Business Park Drive, Suite 103
                                            Armonk, New York 10504
                                            (914) 458-7902
                                            David.wildermuth@jrobbinlaw.com
                                            *Attorneys for Defendant*
                                            *LVNV Funding, LLC*

**SEYFARTH SHAW LLP**

By:  */s/ Heather H. Sharp*
Heather H. Sharp, NY Bar No. 4590659
hsharp@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
*Counsel for Defendant*
*Equifax Information Services LLC*

**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**

By: */s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq.   (NY #2807451)
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 601
Fax:  (317) 899-9348
E-Mail:  cnicodemus@qslwm.com
*Counsel for Defendant*
*Trans Union LLC*

**TROUTMAN PEPPER LOCKE LLP**

By: */s/ Brenna J. McGill*
Brenna J. McGill
875 3rd Avenue
New York, NY 10022
Telephone:  (213) 928-9852
*E-Mail:  Brenna.mcgill@troutman.com*
*Counsel for Defendant*
*Experian Information Solutions, Inc.*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, I caused the foregoing document to be filed with

the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all

counsel of record. I further certify that a copy of the foregoing was sent via U.S. Mail to:

Shawn Baker
Baker Legacy Preservation Trust
P.O. Box 833
Union, NJ 07083
(908) 933-6460
info@bklegacy.com
*Pro se plaintiff*

*/s/ Brenna J. McGill*
Brenna J. McGill
TROUTMAN PEPPER LOCKE LLP

*Counsel for Experian Information Solutions, Inc.*

-6-

321049661