UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

SHAWN BAKER,                        .        Docket No.
                                   .        1:25-cv-04785-HG-SDE
        Plaintiff,                 .
                                   .
            v.                     .        Brooklyn, New York
                                   .        Wednesday, October 29, 2025
EXPERIAN INFORMATION               .        11:40 a.m.
SOLUTIONS, INC. ET AL.,            .
                                   .
        Defendants.                .
    . . . . . . . . . . . . . . .  .


TRANSCRIPT OF TELEPHONE MOTION CONFERENCE
BEFORE THE HONORABLE SETH D. EICHENHOLTZ
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:              Shawn Baker, Pro Se
                                P.O. Box 833
                                Union, New Jersey  07083
                                908-933-6460

For the Defendant,              Troutman Pepper Locke LLP
Experian Information            STEFANIE CERRONE, ESQ.
Solutions, Inc.:                BRENNA JEAN MCGILL, ESQ.
                                875 3rd Avenue
                                New York, New York  10022
                                914-497-9503

For the Defendant,              Quilling Selander Lownds Winslett
TransUnion LLC:                 Moser
                                NERMY JADE WINNER, ESQ.
                                10333 North Meridian Street
                                Suite 200
                                Indianapolis, Indiana  46290
                                317-497-5600

For the Defendant,              Seyfarth Shaw LLP
Equifax Information             HEATHER H. SHARP, ESQ.
Solutions, Inc.:                1075 Peachtree Street Northeast
                                Suite 2500
                                Atlanta, Georgia  30309
                                404-881-5477

For the Defendant,          J Robbin Law
LVNV Funding LLC:           DAVID B. WILDERMUTH, ESQ.
                            200 Business Park Drive
                            Suite 103
                            Armonk, New York  10504
                            914-458-7902


Transcription Service:          Superior Reporting Services LLC
                                P.O. Box 11
                                Winfield, PA 17889
                                865-344-3150


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

P R O C E E D I N G S

THE CLERK:  Today is Wednesday, October 29, 2025 at 11:40 a.m.  This is the matter of Baker versus Experian, docket number 25-cv-3785, civil cause for a telephone conference.

Parties, state your appearances for the record, starting --

THE COURT:  Mr. Baker, are you there?

MR. BAKER:  Yes.  Good morning.  Good morning, Your Honor.  Mr. Baker.  I'm -- I'm here, appearing special appearance as Trustee, Baker Legacy Preservation Trust.  I appear only to challenge jurisdiction and request remand to Supreme Court Kings County with a (indiscernible) --

THE COURT:  Okay.  I understand, Mr. Baker, but I understand you purport to represent a trust.  You're here as an individual and a person.  We're going to proceed.

Who are the appearances for the Defendants?

MR. WILDERMUTH:  David Wildermuth of Jonathan Robbin's office, on behalf of LVNV.

THE COURT:  Okay.  Thank you.  Who else?

MS. WINNER:  Nermy Winner, on behalf of TransUnion.

THE COURT:  Okay.  And --

MS. SHARP:  Heather Sharp.  Oh, I'm sorry.

THE COURT:  No, no, no.  Go, Ms. Sharp.

MS. SHARP:  Heather Sharp on behalf of Equifax.

Superior Reporting Services LLC
P.O. Box 11 Winfield, PA, 17889
transcripts@superiorreporter.com

THE COURT:  Okay.  And on behalf of Experian?

MS. CERRONE:  Stefanie Cerrone and Brenna McGill.

THE COURT:  Okay.  And finally, do we have someone on the line from Credence Resource Management?

Okay.  So we'll need to note in the order, find out why an attorney for Credence Resource Management chose not to appear today.

All right.  So good morning, everyone.  As I said, I'm Judge Eichenholtz.  I'm the magistrate judge assigned to this case.  The motions that are pending in this case have been referred to me by Judge Gonzalez.  I wanted to call this conference to hear from the party on those motions.  I just want to set the expectation right at the top, I do not anticipate to rule on any motions during this conference.  That's something I'll do subsequently.  But of course, the parties' argument on the motions will be relevant to, you know, whatever decision the Court makes on the motions.

So there are three motions by my count, currently pending before the Court.  As Mr. Baker noted in this introduction, he has a motion to remand to state court based on an argument that the federal courts haven't met the jurisdiction.  There's also a motion, a 12(b)(6) motion by the Defendants to dismiss this case.  And then finally, there's a motion to compel by Mr. Baker.  So I'm going to address the motions in that order.  First, the motion to

remand, then the motion to dismiss, then the motion to compel.

So regarding the motion to remand, Mr. Baker, I heard your quick introduction, and I'll hear more from you on it, but my first question is, are you withdrawing your claims under the federal statute, the Fair Debt Collection Practices Act, specifically, and the FCRA.

MR. BAKER:  Your Honor -- Your Honor, my -- my -- my claims initially was in state court, and --

THE COURT:  I understand.

MR. BAKER:  Yes.  So after the -- after the -- the -- the judge signed the state court TRO, the next day it was placed in federal court.

THE COURT:  Yes.

MR. BAKER:  So yeah.

THE COURT:  Right.  And then you reapplied for the TRO in federal court.  Judge Gonzalez denied that.  But now you make a motion to remand, saying that the Court lacks jurisdiction.  And candidly, the biggest concern that I have with the motion to remand is you're bringing claims pursuant to two federal statutes that would purport to give this Court jurisdiction, and you kind of, sort of argue they're not principal to your claims, which I understand, but you don't quite withdraw under the statutes.  And so that's why I asked you to start.  Are you withdrawing your claims under FCRA and

FDCPA?

MR. BAKER:  Yeah.  The -- the only reason why I -- I paused the FCRA -- the only reason why I disputed in reference to the FCRA was strictly because I was the agent for the principal of Shawn Baker.  This is the public estate. So that -- that's the only reason why.  But this is clear a -- a -- a equity -- a equitable case.

THE COURT:  Right.  But then there's also the FDCPA, which seems to be a principal statute upon which you rely.  So I think that your motion may take a different path if what you're saying is you're withdrawing any and all claims under these federal statutes or if you're proceeding. And again, as I said at the beginning, the Court considers you here as an individual and as a person.  I understand you purport to represent a trust, but you're bringing this in your name as far as the Court is concerned, as an individual and as a person.  So my primary question for you is, are you proceeding with the claims under the FCRA and the FDCPA?

MR. BAKER:  No.  I -- I -- I withdraw the FCRA because I -- I -- I want to stand on exclusive equity.

THE COURT:  Okay.  Again, I just want to be clear, are you withdrawing your claims under both the FCRA and the FCPA?

MR. BAKER:  No.  I'm not going to withdraw my claim.  I'm not going to withdraw my claim.

THE COURT:  Under the FDCPA?

MR. BAKER:  But I -- I -- no.  I'm not going to withdraw my claim.  Yeah.

THE COURT:  Okay.  So then if you're proceeding under the FDCPA, then what is the basis of your argument?  Which is a statute that -- you know, and I'll hear from you otherwise, but I understand from the other side their argument is it purports to give this Court jurisdiction.  What is your argument that a federal statute purporting to give this Court jurisdiction, that nevertheless, the Court lacks jurisdiction?  Can you explain that to me?

MR. BAKER:  It's -- it's not a -- it's not a -- my claim's not statutory.  It's not a statutory claim because I seek relief under equitable only.  The injunction, declaration, subjugation.  It's properly before state equity, not federal.

THE COURT:  I understand that you seek equitable relief and I understand your argument as to why, but you seek equitable relief through claims that are based, in part, on federal statutes that purport to give this Court jurisdiction.  I asked you if you're withdrawing those claims under those federal statutes, you told me no very clearly.  So since you are proceeding and seeking the equitable relief, through claims that are based in federal statutes that give the federal court jurisdiction, what would be the basis for a

Superior Reporting Services LLC
P.O. Box 11 Winfield, PA, 17889
transcripts@superiorreporter.com

lack of federal court jurisdiction?

MR. BAKER:  Okay.  Understood, Judge.
I -- I'm -- my apologies.  So yes, I -- I -- I will withdraw
the federal claim because I -- I -- I definitely stand on
equitable jurisdiction.  That's why -- that's why I -- I
would like -- yes.  That's why I would like the -- the case
remanded to the state court.

THE COURT:  Okay.  And just to be clear, Mr. Baker,
I'm not suggesting that even if you withdrew those that
wouldn't be reasons it could stay in state court.  I want to
hear from the Defendants on that.  But I wasn't clear if
that's happening.  If that is something you want to pursue,
and again, you're proceeding pro se, so I'm not going to put
you on the spot here at this argument, I'm going to give you
a week to file something with the Court to make clear that
you are withdrawing claims and they're based in, you know,
any federal statute that would purport to give the Court
jurisdiction.  I'd ask you to list those and file that with
the Court, and the Court will take that into consideration
when considering your motion to remand.

But let me turn Defendants' counsel, and whichever
of the Defendants' counsel wants to take this question, I'm
comfortable with it.  If Mr. Baker were to withdraw the
claims that he brings under the FCRA and the FDCPA, would
jurisdiction still exist, and if so, why?

I could call on someone if it would be easier.

Ms. Sharp?

MS. CERRONE:  Your Honor, this is --

THE COURT:  Yes.  Sorry.  Who is --

MS. CERRONE:  This is Stefanie Cerrone for Defendant Experian.

THE COURT:  Okay, Ms. Cerrone.

MS. CERRONE:  We -- well, I can't speak for all Defendants, but Experian would argue that the matter should remain in federal court.  I do believe that all parties are diverse and I'm not sure of the exact dollar amount at issue, but I would assume it would meet the threshold.

THE COURT:  Okay.  I don't want to assume, so what we're going to do is if Mr. Baker does file that letter saying he intends to withdrawn as to those federal statutes -- and again, Mr. Baker, I want to be clear on the record, I'm not suggesting you will get the remand, because what Ms. Sharp [sic] is saying is even if you withdraw your claims under the federal statutes, there's still a basis for jurisdiction called diversity jurisdiction.  I'm not going to make a ruling today whether that's accurate or not.  I think I'd need to hear more from the parties because Ms. Cerrone said that she thinks that the amount in controversy would be sufficient to meet jurisdiction.

I hear you saying you're seeking solely equitable

Superior Reporting Services LLC
P.O. Box 11 Winfield, PA, 17889
transcripts@superiorreporter.com

relief.  I make no finding or comment.  I'd need to hear more from the parties on the impact of that representation on the motion to remand.  But what I am saying is if Mr. Baker, you move forward and say, "I'm going to withdraw under these federal statutes," then after that, I'll give you a week to file that letter with the Court, Ms. Cerrone and the other Defendants, I'll give you a week to respond and put in writing your views on how that impacts Mr. Baker's motion for remand, okay?

MR. BAKER:  Yes, Your Honor.

THE COURT:  Okay.  Would the Defendants like to be heard any further on the motion for remand?

Okay.  So the next issue we have is the motion to dismiss.  So first, a threshold question for the Defendants.  Am I looking at the docket sheet correctly in that you have filed this motion but Mr. Baker has yet to file any written opposition?

MR. WILDERMUTH:  Yes, Your Honor.  That's correct.  I don't see the opposition was filed.

THE COURT:  Okay.  So, Mr. Baker, before I get into argument from the parties on the Defendants' motion to dismiss, and I just want to explain, that means the Defendants have said that even assuming everything you say in your papers is true, there's still no legal basis to pursue your claims and this Court should recommend dismissal of all

claims.  It's a motion I would only reach if the Court did find jurisdiction and would deny your motion to remand.  So they put in those motion papers.  Have you reviewed those motion papers?

MR. BAKER:  Yes.  I have, Your Honor.

THE COURT:  And would you like an opportunity to file a written opposition to those motion papers?

MR. BAKER:  Yes.  I would the opportunity to file a -- a written opposition to these papers.

THE COURT:  Okay.  So you'll get that.  But just because we're all here today, I'd like to hear from the Defendants on their argument for that motion.

MR. WILDERMUTH:  Your Honor, David Wildermuth at Jonathan Robbin's office.  Essentially, we're stating that there's a lack of factual allegations in the papers and the Plaintiff has not adequately stated any cognizable claims, and we were unable to prepare a defense otherwise.

THE COURT:  So if your motion is based on a lack of specific allegations, why dismiss as opposed to ask for a more definite statement or give Mr. Baker an opportunity to amend?

MR. WILDERMUTH:  Based on what we are able to understand, it doesn't appear that he's going to be able to set forth a claim, and it was our position that it'd be more appropriate to dismiss the action.  And if he wants to refile

it, he can refile the action.

THE COURT:  Okay.  And again, just to be clear, Mr. Wildermuth, and maybe I misunderstood what you just said, but I'm not suggesting he refile the action.  I'm suggesting, as far as I can see, he's never had the opportunity to file an amended complaint since this case came into federal court.  What's your position on whether he still has the opportunity to do that as of right?

MR. WILDERMUTH:  We could include that in our response to his two other responses he's been given a week to file, and we could brief that and add -- I believe it would be too late.

THE COURT:  Mr. Wildermuth, let me just see where I'm going.  As you might see, I'd like to get -- and you may very well be right.  Mr. Baker may submit additional papers, a new complaint.  That doesn't change the posture of where we are, right?  But given the fact that I've asked Mr. Baker to consider, you know, which claims he intends to pursue and why and his pro se status, and given the fact that what I understand the crux of your motion to dismiss argument to be is that he is -- claims are vague and, you know, it's hard to set forth whether his claims your sufficient and that you don't think he'd be able to do that even if it weren't vague, I don't see why granting a motion to dismiss at this stage, giving case law, wouldn't require the Court to give him an

Superior Reporting Services LLC
P.O. Box 11 Winfield, PA, 17889
transcripts@superiorreporter.com

opportunity to amend.  And if that's the case, why does it make sense to, you know, consider the motion to dismiss rather than we give him an opportunity to amend it prior to considering the motion to dismiss?  That's my concern.  I'd love to hear from you on that.

MR. WILDERMUTH:  Yeah.  As I was saying before, I mean, we've gone through his claims and it doesn't appear that he's going to be able to stay the case even if he further is being (indiscernible) an opportunity to make additional allegations.

THE COURT:  Is that argument addressed in your motion to dismiss?  Because I didn't see it.

MR. WILDERMUTH:  Well, I wasn't aware that he was seeking to amend, so no, we wouldn't have addressed that.

THE COURT:  Yeah.  But isn't there case law -- and if I'm wrong, please tell me I'm wrong.  But isn't there case law that in a motion to dismiss, especially considering with a pro se plaintiff, the Court needs to give him the opportunity to amend?

MR. WILDERMUTH:  I'm not aware.  We can brief that issue in our response, though, if need be.

THE COURT:  Okay.  All right.  Thank you very much.

Mr. Baker, is there anything you'd like to be heard on at this time?  And I'm going to give you a chance to put in written opposition regarding the Defendants' motion to

dismiss your complaint.

MR. BAKER:  Your Honor, I prefer to write my written opposition.

THE COURT:  Okay.  That's totally fine.

All right.  And then finally -- okay.  So this is what -- Mr. Baker, would you be interested in an opportunity to amend your complaint prior to the Court considering the motion to dismiss, having reviewed the Defendants' arguments in the motion to dismiss?

MR. BAKER:  Yes.  I would like the opportunity, Your Honor.

THE COURT:  Okay.  So I'm going to give you the opportunity to do that.  And so rather than filing a letter, as we discussed -- rather than filing a letter prior to, you know, explaining whether you're going to withdraw your claims based on the federal statutes, when you file your motion to amend, right, that motion will -- that complaint, not motion to amend.  Apologies.  Your amended complaint.  That complaint will entirely replace your current complaint.  So if you're not going to rely on federal statutes, you don't put those federal statutes in your amended complaint, okay?

MR. BAKER:  Okay, Your Honor.  Yes.

THE COURT:  And, Defendants, are there any concerns or objections with giving Mr. Baker an opportunity to amend his complaint before I rule on Defendants' motion to dismiss?

MS. WINNER: Your Honor, if I can say something. This is Nermy Winner on behalf of TransUnion. So in the Plaintiff's complaint, he denies that he owes a debt because he transferred his debt to an alleged UCC trust account, and this argument is not based on any recognized legal theory. So I'm not sure if he were to amend, what would he amend that to. We're asking to dismiss this motion because transferring your debt to a UCC account is not a recognized legal theory.

THE COURT: I --

MS. WINNER: (Indiscernible). Go ahead.

THE COURT: I understand, but no one on the call from the Defendants' side today is prepared to grapple with the issue of whether he has a right to amend as of right, and whether it's a pro se, the Court has to give him that opportunity to amend if it's dismissing his claims if the motion to dismiss stays. And if someone on the Defendants' side was prepared to address those very basic issues, I'd feel a lot more comfortable, but no one seems to be prepared to do that.

MS. WINNER: I can go ahead and make the argument that his allegations, even if he did amend, there would still be no legal theory under his allegations.

THE COURT: Okay. But am I wrong that at this posture and in the case as it exists now, and I may be wrong, I'm not asking this facetiously, that he has a right to amend

as of right?  So it's not an issue of whether an amendment would be futile.

MS. SHARP:  Your Honor, this is Heather Sharp on behalf of Equifax.  Speaking for Equifax, we don't have an issue with Plaintiff amending his complaint as to actual factual allegations.  The argument that he's not, you know, providing specific factual allegations sufficient to stay the claim, I do believe the Court is correct that the pro se should be allowed to amend those.  However, Equifax would object to any amendment which would continue in this sovereign citizen vein that Ms. Winner was describing, simply because that's frivolous and it's not based on any legal theory.  Now, you know, if he's going to amend and reassert those types of arguments, then we can simply move to dismiss again, but Equifax (indiscernible) object to the pro se amending.

THE COURT:  I'm trying to be pragmatic about this, right?  I'm trying to avoid duplicative work on everyone's part.  So if the Defense motion to dismiss will apply equally, but that the Court ought to give Mr. Baker the opportunity to amend, I'd like to, in addition to any opposition that Mr. Baker is going to put in, give him that opportunity to amend, and then give Defendants the opportunity to say, "Yes.  Our arguments still apply" or not, in reply.

I just think that that might be the best way to do this efficiently so that the decision that ultimately comes, if it is to dismiss Mr. Baker's claims, there isn't any additional litigation that has to go forward.  And if it isn't, if it's that Mr. Baker is able to articulate legitimate factual and legal basis to proceed with his claims, then that's clear to all of us when we issue the ruling.  That's my thinking about this.

MR. BAKER:  And, Your Honor, may I -- may I -- may I say something, please?

THE COURT:  You may, Mr. Baker.

MR. BAKER:  And, like, I seek civilian due process at equity.  I am not a sovereign citizen.  I have not claimed to be a sovereign citizen.  I -- I'm not taking that -- on that title as a sovereign citizen.  I'm a private citizen.  I'm acting under the state trust law and constitutional equity.  And I repeat, please, I am not a sovereign citizen.

THE COURT:  Okay.  I appreciate that, Mr. Baker.  I think, in fairness, the reason the Defendants are raising that issue is because a lot of the papers that you have filed, including purporting to have transferred a debt to a living trust in your name and particular UCC filings and other filings, are filings that are typical of individuals who consider themselves sovereign citizens and have an interpretation of the law that is common to that

identification.

And the arguments you're making, whether or not you're a sovereign citizen, as I understand what the Defendants are saying, are akin to those that are made by sovereign citizens and have been rejected by the Court. And so that's the basis. Because you're pro se, I want you to understand where they're coming from. That's the basis of their motion to dismiss, which are, these are legally unrecognized principles that are typically articulated by individuals who identify as part of the sovereign citizen movement. Do you understand?

MR. BAKER: Yes. I understand, Your Honor. But I -- I'm -- I'm -- it's all preamble -- preamble -- my -- my private rights. It's -- it's not -- I'm -- I'm not a sovereign citizen. I'm -- I'm -- I'm here based on exclusive equity, jurisprudence, and trust law.

THE COURT: I understand.

MR. BAKER: I don't think (indiscernible) sovereign citizen.

THE COURT: Yeah. I understand that.

MR. BAKER: So (indiscernible) I'm -- and -- and -- and I'm -- and I'm not taking on the -- the title as a legal fiction is -- that's why, you know, I didn't -- I didn't consent to the statutory jurisdiction. I just wanted civilian due process. That's

all I'm asking for.

THE COURT:  Okay.  But again, Mr. Baker, the legal concepts that you're articulating now are ones that are different than both the Court's, and I assume Defendants' understanding of the nature of the law.  This consenting to certain kinds of jurisdiction, you know, it's unclear to me why you're saying consent is involved, so could you explain that just a little bit more to me?

MR. BAKER:  Because it's not -- I -- I didn't consent to statutory jurisdiction.  It's -- it's strictly -- I -- I -- I'm strictly civilian due process.  That's all I'm asking for, is the civilian due process and equity.

THE COURT:  So again, I'm just trying to figure out, you know, given the Court's understanding of the law, it sounds like you're saying you're not bringing this case pursuant to any statutory authority.  You're bringing it pursuant to common law rights.  I'm not quite following what you're saying.

MR. BAKER:  No.  This is exclusive equity.  Exclusive equity.

THE COURT:  Okay.  All right.  So, Mr. Baker, so here's what I think we're going to do.  I will give you two weeks to file an amended complaint if you choose to file an amended complaint.  You do not have to.  If you're not going

to -- along with that amended complaint, I would like you to file an opposition to the Defendants' motion to dismiss, okay?  And then Defendants, I'm going to give you two weeks from that date to put in responsive papers to Mr. Baker's papers.  And based on that, I'll issue an order.  If we need to kind of clean things up or I need to give additional time for briefing or something or if you believe the amended complaint changes your arguments, Defendants, we'll figure that out.  But I think that I just want to give Mr. Baker the opportunity to amend his complaint if he chooses, within two weeks, along with his opposition.  Are there any --

MS. CERRONE:  Your Honor, if I --

THE COURT:  Yeah.

MS. CERRONE:  This is Stefanie Cerrone.  I just wanted to add the argument for your consideration that whether removal is proper would be based on the argument in the complaint at the time of removal.  So even if the Plaintiff were to amend his complaint and remove the federal court causes of action, given that they were included at the time we removed, we would take the position that removal would remain proper, even when the federal cause of action is removed.

THE COURT:  Even if the Court lacks jurisdiction?

MS. CERRONE:  Well, at the time of --

THE COURT:  (Indiscernible) Court has jurisdiction

at that moment.  If the Court's jurisdiction -- I understand you're making a diversity argument.  You'll expand that diversity argument.  But if the Court's jurisdiction was based in him proceeding as he did at the time under certain federal statutes and then he says, "I'm not proceeding under those statutes," and let's say the re-pled of complaint no longer has allegations that would establish diversity jurisdiction, that would be the reason it would be remanded, not because the initial removal was improper, but because the Court no longer lacks jurisdiction, right?

MS. CERRONE:  Understood.  Thank you.

THE COURT:  Yes.  Right.  I agree with you.  The federal statutes existed at the time.  The remand's proper. But given the Court's requirement to examine its own jurisdiction, depending on how Mr. Baker purports to proceed, I could imagine a world, and I'm not saying it's this way, the parties may very well right that diversity jurisdiction also exists, where the Court would have to, if it no longer had jurisdiction, remand.  So that would be the basis on which the Court would remand, not with the removal as it initially happened it was improper.

MS. CERRONE:  Thank you.

THE COURT:  Okay.  All right.  But the time frame as I've laid it out is okay with the Defendants?  We'll get Mr. Baker's submissions within two weeks, which would

include, if he chooses to do so, an amended complaint.  And then Defendants will put in a reply/opposition two weeks after that.  Does that work?

MR. BAKER:  Yes, Your Honor.

MS. SHARP:  Yes, Your Honor.  This is -- oh, I'm sorry.

THE COURT:  No, no, no.  I was about to say, good with Defendants?

MS. SHARP:  This is Heather Sharp for Equifax.  I would be curious as to whether the Court wants additional briefing on the remand issue after Plaintiff files his amended complaint.

THE COURT:  And I should've been more specific.  Apologies.  That's what I'm envisioning.  Your submission, two weeks after will be a reply as to the motion to dismiss and an opposition as to the motion for remand.  Yeah.  As to the motion for remand.

MS. SHARP:  Thank you.

THE COURT:  I know you've already filed one, but I'm giving you the opportunity to file a new one in light of the amended complaint.  And even if not, as additional argument.  Okay?

All right.  I appreciate that.

Mr. Baker, I know you're proceeding pro se.  Do you have any questions for the Court or any questions about how

we're going to proceed before I adjourn here today?

MR. BAKER:  No.  I'm clear, Your Honor.  I appreciate it.  I thank you.

THE COURT:  Okay.  Thank you, Mr. Baker.  So, Mr. Baker, we'll look for your submissions in two weeks, then the Defendants will make additional submissions.  And then what I'm going to do after all of that is if I need to speak with the parties again, I'll schedule another conference, but otherwise, I'll issue a report and recommendation to Judge Gonzalez as to how to handle these motions, okay?

MR. BAKER:  Yes, Your Honor.  Thank you.

THE COURT:  All right.  Thank you, all.  I appreciate you coming on today.  We're adjourned.

MS. CERRONE:  Thank you.

MS. SHARP:  Thank you.

MR. WILDERMUTH:  Thanks.

(Proceedings adjourned at 12:12 p.m.)

TRANSCRIBER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*Laura Hunt*                                    April 13, 2026

_____          _____

Laura Hunt                                       DATE

Superior Reporting Services LLC
P.O. Box 11 Winfield, PA, 17889
transcripts@superiorreporter.com