UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SHAWN BAKER,

                              Plaintiff,                              **REPORT & RECOMMENDATION**

              -against-                                               25-CV-4785 (HG)(SDE)

EXPERIAN INFORMATION SOLUTIONS,
INC., TRANSUNION LLC, EQUIFAX
INFORMATION SERVICES, LLC, LVNV
FUNDING LLC, and CREDENCE
RESOURCES MANAGEMENT,

                              Defendants.
------------------------------------------------------------ X
**SETH D. EICHENHOLTZ**, United States Magistrate Judge:

     *Pro se* Plaintiff Shawn Baker claims Defendants Experian Information Solutions, Inc.

("Experian"), TransUnion LLC ("TransUnion"), Equifax Information Services, LLC ("Equifax"),

LVNV Funding LLC ("LVNV"), and Credence Resource Management ("CRM") unlawfully

furnished and reported his financial information incorrectly.  Pending before the undersigned on

referral from the Honorable Hector Gonazlez, United States District Judge, are (i) Plaintiff's

motion to remand his claims to New York State Supreme Court; and (ii) Defendants Experian,

TransUnion, Equifax, and LVNV's (the "Moving Defendants") motion to dismiss for failure to

state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

     For the reasons explained herein, the undersigned respectfully recommends that the Court

grant Plaintiff's motion to remand and deny the Moving Defendants' motion to dismiss without

prejudice as moot.

## FACTUAL & PROCEDURAL BACKGROUND

     Defendants Experian, TransUnion, and Equifax are credit reporting agencies that collect

publicly available financial data to create reports used by third parties to evaluate individuals'

1

creditworthiness.  (*See* Verified Complaint ("Orig. Compl."), Dkt. No. 1-1 § II ¶¶ 2–4).  Defendant LVNV is a consumer debt purchaser, and Defendant CRM is debt collection agency.  (*See id.* § II ¶¶ 32–33.)

Plaintiff Shawn Baker alleges he is the trustee of the Baker Legacy Preservation Trust (the "Trust"), "to which he has publicly and lawfully transferred personal liabilities and assets." (*Id.* § II ¶ 1.)  He filed his Original Complaint in Kings County Supreme Court on or about July 11, 2025 on behalf of himself and the Trust alleging harms caused by Defendants' false reporting of his credit after he purportedly transferred his liabilities to the Trust.  (*See id.* § IV ¶¶ 9–12.) Plaintiff further alleged he lost housing and credit opportunities, including a small business loan, and suffered reputational harm, emotional distress, and other damages as a result of Defendants' conduct.  (*See id.* § IV ¶ 14, § V ¶ 36.)  His Original Complaint attached an identity theft report he made to the Federal Trade Commission, a report to the Consumer Financial Protection Bureau describing his efforts to dispute inaccuracies on his credit reports, and a loan application denial from an online lender explaining that the denial was based at least in part on information in his credit report.  (*See id.* pp. 21–28.)  Plaintiff asserted six causes of action:  (i) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; (ii) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (iii) violation of New York General Business Law ("GBL") § 349; (iv) declaratory and injunctive relief; (v) constructive fraud and breach of fiduciary duty; and (vi) violation of Internal Revenue Service regulations.  (*See id.* § V ¶¶ 15–30.) He sought declaratory and injunctive relief and monetary damages.  (*See id.* § VI ¶¶ 1–7.)

The Original Complaint was mailed to Defendant Experian on or about August 4, 2025. (*See* Notice of Removal, Dkt. No. 1 ¶ 2.)  On August 27, 2025, Defendant Experian filed a notice removing Plaintiff's claims to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  (*See id* p. 1.)

The Notice of Removal asserted that this Court has federal question jurisdiction over Plaintiff's FCRA and FDCPA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).  (*See id.* ¶¶ 4–8.)

## I.    Defendants' Motion to Dismiss and Plaintiff's Motion to Remand

On September 12, 2025, the Moving Defendants submitted a joint pre-motion letter seeking to file a motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6), arguing Plaintiff's allegations were too vague and conclusory.  (*See* Pre-Motion to Dismiss Letter, Dkt. No. 18.)  Judge Gonzalez granted leave to file that motion.  (*See* Dkt. Order dated Sept. 16, 2025; *see also* Motion to Dismiss, Dkt. No. 32.)

On October 3, 2025, while the Moving Defendants' motion to dismiss was being briefed, Plaintiff filed a motion to remand.[1]  (*See* Dkt. No. 31.)  Plaintiff's motion asserted his Original Complaint "raised no federal question" and asked the Court to remand his claims to state court or dismiss this action for lack of subject-matter jurisdiction.  (Dkt. No. 36 pp. 4–5.)  The Moving

---

[1]  In the weeks after making his first motion to remand, Plaintiff submitted additional filings repeating his arguments.  (*See* Dkt. Nos. 36, 38.)  Despite being advised to only file his motions once and warned that duplicitous filings could result in imposition of a filing bar, Plaintiff submitted five additional filings over the next month seeking remand.  (*See* Minute Entry dated Oct. 30, 2025, Dkt. No. 42; Dkt. Nos. 45, 47, 48, 49, 50.)  As a result, Judge Gonzalez ordered Plaintiff to show cause why he should not be barred from filing without first obtaining the Court's permission.  (*See* Order to Show Cause dated Dec. 2, 2025.)

In response to that Order, Plaintiff said he did not intend to disregard the Court's guidance, and all filings were made in good faith given his understanding of notices from the Clerk's Office, the Court's instructions, and the complexity of the docket.  (*See* Plaintiff's Response to Order to Show Cause, Dkt. No. 53 pp. 1–2.)  He affirmed that Docket Number 45 should be treated as his operative motion to remand, and said he would not make further submissions without leave of Court.  (*See id.* p. 2.)  Judge Gonzalez declined to impose a filing bar but warned Plaintiff future duplicitous filings would result in a filing bar with no further opportunity to be heard.  (*See* Order dated Dec. 12, 2025.)

Taking these circumstances into account, the Court cites to and references Plaintiff's prior submissions to accurately represent the record but treats Docket Number 45 as the operative motion to remand for purposes of its analysis.

Defendants submitted an opposition to Plaintiff's motion on October 15, 2025.  (*See* Moving Defendants' Opposition to Plaintiff's Motion to Remand, Dkt. No. 34.)  They asserted that the matter was properly removed, and federal question jurisdiction exists because Plaintiff brought claims "primarily" under the FCRA and FDCPA.  (*Id.* pp. 3–4.)

Judge Gonzalez referred the Moving Defendants' motion to dismiss and Plaintiff's motion to remand to the undersigned on October 16, 2025.  (*See* Dkt. Order dated Oct. 16, 2025.) The Court held oral argument on those motions on October 31, 2025.[2]  (*See* Scheduling Order dated Oct. 17, 2025; Minute Entry dated Oct. 30, 2025; *see also* Transcript of Oct. 29, 2025 Hearing, Dkt. No. 58 ("Tr.").)

During argument, the Court observed that Plaintiff's arguments for remand were inconsistent with the first and second causes of action in his Original Complaint, which claimed that Defendants violated the FCRA and FDCPA, respectively.  (*See* Tr. at 5:3–8:1; *see also* Orig. Compl. pp. 9–10.)  The Court asked Plaintiff if, given his arguments for remand, he would like to withdraw those two federal statutory claims.  (*See* Tr. at 5:19–6:23.)  Plaintiff first expressed that he did not want to withdraw any claims but later stated he would withdraw his federal claims. (*See id* at 6:2–8:7.)  Given Plaintiff's uncertainty and *pro se* status, the Court gave him the opportunity to consider how he wanted to proceed regarding his claims.  (*See id.* at 8:8–20.)

Turning to the Moving Defendants, the Court asked whether withdrawal of the claims based in federal statutes would compel remand.  (*See id.* at 8:21–25.)  Defendant Experian's counsel suggested that the Court would maintain diversity jurisdiction over Plaintiff's claims because all parties were diverse and the amount in controversy was large enough.  (*See id.* at 9:8–

---

[2] Despite having entered their appearance, counsel for Defendant CRM did not attend the October 29, 2025 hearing, nor do they join the Moving Defendants' motion to dismiss.

12.)  Because the Court had already granted Plaintiff the opportunity to amend his claims, the Court also allowed the Moving Defendants the opportunity to submit further briefing on this issue after Plaintiff determined how he wanted to proceed.  (*See id.* at 9:13–10:10.)

Turning to the Moving Defendants' motion to dismiss, the Court noted it would only reach that motion if jurisdiction was established and Plaintiff's motion to remand was denied.  (*See id.* at 10:20–11:4.)  The Moving Defendants argued that Plaintiff's claims are legally incognizable and fail to make specific factual allegations against each Defendant.[3]  (*See id.* at 11:13–17.)  Again acknowledging Plaintiff's *pro se* status, and further acknowledging that the Court had already granted him the option to modify his claims, the Court allowed Plaintiff an opportunity to formally amend his Original Complaint.  (*See id.* at 8:8–20.)  The Court also directed Plaintiff to submit with any amended complaint his opposition to the Moving Defendants' motion to dismiss, after which the Moving Defendants could file a reply in support of their motion that would include their position on whether the Court maintained jurisdiction despite Plaintiff's prospective amendment or withdrawal of any claims. (*See id.* at 19:22–20:11, 21:23–22:23; *see also* Minute Entry dated Oct. 30, 2025, Dkt. No. 42.)

## II.     Plaintiff Amends His Complaint to Withdraw Federal Claims

Plaintiff subsequently filed a letter that, among other things, reiterated his arguments for remand and affirmed he no longer asserts federal claims.[4]  (*See* Mot. to Remand, Dkt. No. 45

---

[3]  The Moving Defendants assert Plaintiff identifies as a "sovereign citizen" and invoke cases dismissing similar claims from individuals purporting to have transferred debts to a living trust. (*See* Dkt. No. 32-6 pp. 4–8.)  Plaintiff disputes that classification. (*See* Tr. at 17:9–17.)  The undersigned recognizes Plaintiff's arguments might be "typical of individuals who consider themselves sovereign citizens and have an interpretation of the law common to that identification," and further recognizes courts have rejected those claims. (*Id.* at 17:18–18:11.)  But these matters are ultimately immaterial to evaluating the issues presented here.

[4]  Plaintiff's asserts other grounds for removal, including that the Kings County Supreme Court retains exclusive jurisdiction over this case because it issued a temporary restraining order

pp. 5–10.)  That letter also included an Amended Complaint.  (*See* Amended Verified Complaint ("Am. Compl."), Dkt. No. 45 pp. 14–19.)  The Amended Complaint states, "Plaintiff does not assert any federal cause of action," "no federal question appears on the face of this pleading," and "[r]eferences to federal statues were background standards only and are not elements of any claim."  (*Id.* § II ¶¶ 3–4.)  The specific causes of action asserted in the Amended Complaint are: (i) breach of fiduciary duty and constructive fraud; (ii) deceptive acts and practices pursuant to GBL § 349; and (iii) equitable subrogation and abatement pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 3001 and 6301.  (*See id.* § VII ¶¶ 19–24.)  Plaintiff specifically alleges he is seeking to "halt and correct the publication, furnishing, and maintenance of false or unverified credit information," and that Defendants ignored various disputes and "continued to report derogatory tradelines tied to LVNV/Credence."  (*Id.* § V ¶¶ 13–14.)  He further alleges he submitted various disputes to Defendants, who did not perform the required reinvestigation and instead continued to publish "disputed tradelines to third parties."  (*Id.* § VI ¶¶ 15–16.)

The Amended Complaint also asserts this Court does not have diversity jurisdiction over Plaintiff's claims due to a "lack of complete diversity and/or amount in controversy."  (*Id.* § II ¶ 5.)  Plaintiff's supplemental  letter in support of his motion to remand further asserts diversity jurisdiction does not exist because several Defendants are citizens of New York like Plaintiff, and because the amount in controversy "pertaining to correction of tradelines and reputational damage, is below the required threshold."  (Mot. to Remand p. 4.)

In the supplemental reply brief the Court invited them to file, Defendants assert Plaintiff's Amended Complaint is an "artful pleading" seeking to avoid federal jurisdiction, and that his

---

in August 2025.  (*See* Mot. to Remand p. 8.)  The undersigned does not reach that or Plaintiff's other arguments given the jurisdiction questions here.

claims cannot be remanded because the FCRA and FDCPA preempt state law with respect to claims by consumers against credit agencies. (*See* Moving Defendants' Supplemental Opposition to Plaintiff's Motion to Remand ("Supp. Opp."), Dkt. No. 46 pp. 5–6.)

## LEGAL STANDARD

The federal removal statute permits a defendant in a state court civil action to remove that action to the federal district court located where the state action is pending by filing a notice of removal, but only if the federal district court has subject matter jurisdiction over the action—*i.e.*, "if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)).

A party may oppose removal by filing a motion to remand to the state court where the action originated. *See Tadco Constr. Corp. v. Peri Framework Sys., Inc.*, 460 F. Supp. 2d 408, 409–10 (E.D.N.Y. 2006). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). This is a mandatory deadline, and failure to bring a motion to remand based on a defect other than subject matter jurisdiction within this 30-day period results in waiver. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam); *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005).

"When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 00-CV-1898, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979). "In light of the congressional intent to restrict federal court jurisdiction, as

7

well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing S*hamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).

Moreover, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, "any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co. v. Hous. Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (citing Fed. R. Civ. P. 12(h)).

### DISCUSSION

Here, it is undisputed that Defendant Experian filed a timely notice of removal, and that Plaintiff filed a timely motion to remand. As such, the undersigned must consider whether the Court has jurisdiction over Plaintiff's claims. For the reasons detailed below, the undersigned finds the Court does not have jurisdiction and therefore recommends this matter be remanded.

### I.    Federal Question Jurisdiction

Defendants removed to federal court because, they argue, Plaintiff's claims present a federal question. Plaintiff has stated he does not wish to pursue any federal claims and therefore, the Court lacks federal question jurisdiction.

A district court has federal question jurisdiction over a plaintiff's claims when the complaint presents a federal question. *See* 28 U.S.C. § 1331. A complaint presents a federal question when federal law provides for the cause of action, or where the state-law claim necessarily raises a "stated federal issue" that is substantial and disputed and "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

8

responsibilities." *Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). In determining whether such a federal question exists, courts "examine the 'well-pleaded' allegations of the complaint and ignore potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The presence of a federal defense does not raise a federal question, "even if the defense is anticipated in the plaintiff's complaint, and even if . . . the federal defense is the only question truly at issue." *Marcus v. AT & T Corp.*, 138 F.3d 46, 53 (2d Cir. 1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; *see also* 28 U.S.C. § 1331. This general rule recognizes that the plaintiff is the master of the complaint and is "free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Marcus*, 138 F.3d at 52. Accordingly, if "plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground to defeat removal." *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758 (2d Cir. 1986) (quoting Moore's Federal Practice, § 0.160 (2d ed. 1979).

### A.     Plaintiff's Amended Complaint

Plaintiff's Original Complaint alleged violations of two federal statutes—the FCRA and FDCPA—which created a federal question over which the Court would have jurisdiction. (*See* Orig. Compl. § V ¶¶ 15–20.) But Plaintiff amended his complaint to remove those causes of action, and the only causes of action asserted in the Amended Complaint arise under state law. (*See* Am. Compl. § VII ¶¶ 19–24.) As a result, Plaintiff's Amended Complaint does not present a federal question.

9

### B.    The Artful Pleading Doctrine

The Moving Defendants argue federal question jurisdiction exists notwithstanding these amendments because Defendant Experian's initial removal was proper, and because Plaintiff's attempt to avoid federal jurisdiction by "artfully omit[ting] any reference to the FCRA or FDCPA" contravenes the artful pleading rule.  (Supp. Opp. p. 5.)

The doctrine of artful pleading, an "independent corollary" of the well-pleaded complaint rule, holds that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983). The artful pleading doctrine typically applies in three circumstances:  (i) when Congress has so completely preempted a federal cause of action for a state one that plaintiff cannot avoid removal by declining to plead necessary federal questions; (ii) when the plaintiff's state law claim necessarily raises a substantial federal question over which federal courts may properly exercise jurisdiction; and (iii) when Congress has expressly provided for the removal of particular actions asserting state law claims in state court.  *See Bader v. Winkelried*, 09-CV-2607, 2010 WL 11570668, at *3 (E.D.N.Y. July 29, 2010) (internal quotations and citations omitted).

The Moving Defendants invoke only the first of these circumstances.  Relying on *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011), they argue Plaintiff's state and common law claims are completely preempted by the FCRA because Congress intended that statute to cover all claims against entities that provide information to credit reporting agencies. (*See* Supp. Opp pp. 5–6.)

As an initial matter, the Moving Defendants may be correct that the FCRA preempts some of Plaintiff's claims.  *See Torres v. Wakefield & Assocs.*, 20-CV-9343, 2021 WL 199532, at *1 (S.D.N.Y. Jan. 20, 2021) (recognizing claims regarding obligations as furnisher of information to

10

credit reporting agencies pursuant to GBL § 349 are preempted by the FCRA).  But preemption of some claims is not enough to demonstrate the level of complete preemption required to find a basis for subject matter jurisdiction.  Indeed, courts in this Circuit agree that the holding in *Macpherson* "addresses the defensive preemption of state law claims by the FCRA, but not the complete preemption necessary to establish subject matter jurisdiction."  *McClung v. Credit Acceptance Corp.*, 14-CV-1365, 2015 WL 5638223, at *5 n.4 (N.D.N.Y. Sept. 24, 2015) (citing *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption.")).  Taking this principle into consideration, courts in this Circuit have repeatedly found that Congress has not imbued the FCRA nor the FDCPA with the power of complete preemption that confers federal question jurisdiction.  *See, e.g.*, *Torres v. Bay Area Credit Servs.*, 20-CV-9342, 2021 WL 406744, at *2 (S.D.N.Y. Feb. 5, 2021) (collecting cases).  The undersigned finds, consistent with the weight of this authority, that there is not complete preemption under these circumstances and, therefore, Plaintiff's Amended Complaint is not an artful pleading improperly attempting to avoid removal.

As the artful pleading argument was the only one offered by the Moving Defendants for the continued existence of a federal question, and having determined that Plaintiff's Amended Complaint is not an artful pleading, the undersigned finds it does not raise a federal question. Therefore, unless there is another basis for jurisdiction, this matter must be remanded to state court.

## II.        Diversity Jurisdiction

Defendant Experian's Notice of Removal invoked only federal question and supplemental jurisdiction as bases for removal.  (*See* Notice of Removal ¶¶ 4–8.)  However, in response to the Court's questions during oral argument, the Moving Defendants suggested that diversity jurisdiction *may* also support removal to this Court.  (*See* Tr. at 8:21–9:12.)  The undersigned

invited the Moving Defendants to create a record to further this argument, but none did so. (*See id.* at 9:13–10:9; *see also* Supp. Opp.) Nevertheless, the undersigned considers whether diversity jurisdiction exists in the context of the existing record before the Court.

Diversity jurisdiction exists when there is complete diversity between the parties—*i.e.*, when all plaintiffs are citizens of different states from all defendants, and when the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 US.C. § 1332(a). The party asserting diversity jurisdiction in federal court has the burden of establishing these elements. *See In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 730 (2d Cir.1993). Whether diversity jurisdiction exists must be determined by looking to the circumstances at the time of removal. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004).

For purposes of diversity jurisdiction, an individual's citizenship is their domicile—*i.e.*, the state where they are physically present and intend to remain. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48–49 (1989). A corporation is a citizen of both its state of incorporation and the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is located where high-level officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Defendants failed to provide a record on which the Court could find diversity jurisdiction exists. On the other hand, Plaintiff's Amended Complaint alleges that diversity jurisdiction does not exist because Defendants' substantial operations in the state make them New York citizens, and because the amount in controversy "is well below the statutory threshold." (Mot. to Remand § B.)

12

Despite being afforded an opportunity to address the existence of diversity jurisdiction, Defendants have not submitted any evidence to counter these allegations. (*See* Tr. at 9:13–10:9; *see also* Supp. Opp.)  The only Defendant to file an answer to any complaint, Defendant TransUnion, acknowledges it is organized in Delaware with a principal place of business in Illinois but "lacks knowledge or information sufficient to form a belief about the truth of" Plaintiff's assertions regarding the other Defendants' citizenship. (Defendant TransUnion's Answer to Plaintiff's Complaint, Dkt. No. 10 ¶ 2.)  Given Defendants' failure to supplement the record on this issue in any way, and because "in light of congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability[,]" *Lupo*, 28 F.3d at 274, the undersigned finds that the present record before the Court does not establish diversity jurisdiction.

This failure is fatal to Defendants' removal attempt and necessitates remand.  Although this Court may have had jurisdiction over Plaintiff's claims at the time of removal, subject matter jurisdiction may be raised at any point in the proceeding by either party or the Court.  *See* 28 U.S.C. § 1447(c).  If subject matter jurisdiction is found lacking after claims are amended—even when it may have existed before amendment—the case must be remanded.  *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025) (holding post-removal amendment of complaint to remove all federal questions deprives district court of jurisdiction over remaining state-law claims and requires remand).

## CONCLUSION

Having found that the Court lacks jurisdiction over the claims in Plaintiff's Amended Complaint, the undersigned respectfully recommends that the Court grant Plaintiff's motion and

13

remand this matter to Kings County Supreme Court.  Relatedly, because Defendants fail to establish jurisdiction, the undersigned finds the Court cannot reach the Moving Defendants' arguments for dismissal pursuant to Rule 12(b)(6) and recommends that motion be denied without prejudice as moot.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Gonzalez.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party [forfeits] appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."); *Thomas v. Arn*, 474 U.S. 140, 148–49 (1985) (finding Federal Magistrates Act does not forbid court of appeals from adopting rule conditioning appeal from district court's judgment that adopts magistrate judge's recommendation upon filing of objections to magistrate judge's report identifying those issues on which further review is desired).

SO ORDERED.

Dated: Brooklyn, New York
May 15, 2026

/S/  *SETH D. EICHENHOLTZ*
SETH D. EICHENHOLTZ
United States Magistrate Judge
Eastern District of New York